IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CREOSOTE COUNCIL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| STEPHEN L. JOHNSON, | ) Civil Action No._____ |
| Administrator, | ) |
| U.S. Environmental Protection Agency, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR AN EXPEDITED ORAL HEARING ON THEIR MOTION FOR A PRELIMINARY INJUNCTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and Local Rules 7(b) and 7(f), Plaintiffs Creosote Council, Koppers Inc., Southern Pressure Treaters' Association, Treated Wood Council, and Western Wood Preservers Institute (collectively, "Plaintiffs"), by their undersigned counsel, hereby move this Court to grant an expedited oral hearing on Plaintiffs' Motion for a Preliminary Injunction.

Without providing notice and an opportunity to comment, the U.S. Environmental Protection Agency ("EPA") arbitrarily and capriciously changed the classification of releases from finished treated wood products that have completed treatment as reportable to the Toxic Chemical Release Inventory under the Emergency Planning and Community Right-to-Know Act ("EPCRA"), 42 U.S.C. § 11001 et seq. Plaintiffs have filed herewith their Complaint against EPA and their Motion for a Preliminary Injunction. If EPA's illegal action is not preliminarily enjoined, Plaintiff Koppers, certain members of Plaintiff Trade Associations, and others in the treated wood industry could be required to report emissions in conformance with this illegal rule by July 1, 2008.

Existing emissions estimation methods simply are inadequate for the industry to accurately determine the quantity of reportable releases. Plaintiffs or their members lack sufficient time to develop adequate estimation methodologies by the July 1, 2008, reporting deadline. Thus unless this court acts expeditiously to rule on the requested preliminary injunction, Koppers and members of Plaintiff Associations face three untenable choices: (1) knowingly file an inaccurate TRI report; (2) do not report until emissions methodologies have been developed to file a late but accurate TRI report; or (3) do not report the emissions from stored articles. In all cases, treated wood manufacturers face potential liability and civil penalties for violating EPCRA.

**WHEREFORE**, Plaintiffs pray for an expedited oral hearing upon their Motion for a Preliminary Injunction.

Dated: March 25, 2008

        Respectfully submitted,

        Douglas J. Behr (Bar No. 163998)
behr@khlaw.com
Peter L. de la Cruz (Bar No. 362358)
delacruz@khlaw.com
Jean-Cyril Walker (Bar No. 474498)
walker@khlaw.com

KELLER AND HECKMAN LLP
1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
Tel.: 202-434-4100
Fax: 202-434-4646

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiffs' Motion for an Expedited Hearing on Their Motion for a Preliminary Injunction and Memorandum of Points and Authorities in Support of Plaintiffs' Motion was served on March 25, 2008 by hand on defendants, and pursuant to Fed. R. Civ. P. 4(i), to the United States Attorney General and the United States Attorney for the District of Columbia at the addresses listed below:

The Honorable Michael B. Mukasey
Attorney General
U.S. Department of Justice
Tenth Street and Constitution Avenue, N.W.
Washington, D.C. 20530

The Honorable Stephen L. Johnson
Administrator
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

The Honorable Roger R. Martella, Jr.
General Counsel
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

The Honorable Jeffrey A. Taylor
United States Attorney
United States Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

Douglas J. Behr

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CREOSOTE COUNCIL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| STEPHEN L. JOHNSON, | ) Civil Action No._____ |
| Administrator, | ) |
| U.S. Environmental Protection Agency, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## [PROPOSED] ORDER

Upon consideration of Plaintiffs' Motion for an Expedited Oral Hearing on Their Motion for a Preliminary Injunction and Memorandum of Points and Authorities in Support Thereof, and any Opposition thereto, it is hereby ORDERED that Plaintiffs' Motion is GRANTED.

It is further ordered that an oral hearing on Plaintiffs' Motion for Preliminary Injunction is scheduled for the ___ day of _____, 2008 at _____.

Pursuant to this order, Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction is due the ___ day of _____, 2008 and Plaintiffs' Reply, if any, is due the ___ day of _____, 2008.

Dated this ___ day of March, 2008.

By the Court:

_____
District Judge